UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THEODORE TOBIAS,<br><br>   Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | No. 3:16-cv-1092 (MPS) |

**MEMORANDUM AND ORDER**

  Theodore Tobias has filed a motion to vacate his sentence under 28 U.S.C. § 2255 ("Section 2255"). On July 26, 2000, Judge Dominic J. Squatrito sentenced Mr. Tobias to 270 months of imprisonment as a result of convictions after a jury trial for Hobbs Act Robbery under 18 U.S.C. § 1951(a), conspiracy to commit Hobbs Act Robbery under 18 U.S.C. § 1951, and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) ("Section 924(c)"). Applying the 1998 edition of the then-mandatory U.S. Sentencing Guidelines (the "Guidelines"), later made advisory by the Supreme Court's landmark decision in *United States v. Booker*, 543 U.S. 220 (2005) ("*Booker*"), Judge Squatrito determined that Mr. Tobias's prior robbery convictions qualified as crimes of violence under the residual clause of the Guidelines' career offender provision, U.S.S.G. § 4B1.2 ("Section 4B1.2"). Mr. Tobias was therefore considered a career offender under U.S.S.G § 4B1.1 ("Section 4B1.1") and subject to an enhanced Guidelines range of 270-322 months of imprisonment. Judge Squatrito sentenced Mr. Tobias to 270 months (22 ½ years), the bottom of the Guidelines range, along with 3 years of supervised release. Mr. Tobias is currently incarcerated at FCI Fairton, with an estimated release date in December of 2017.

1

Mr. Tobias now argues that the residual clause of the mandatory Guidelines' career offender provision is void for vagueness under the recent Supreme Court cases of *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson*") and *Welch v. United States*, 136 S. Ct. 1257 (2016) ("*Welch*"), and that his claim is not barred by the even more recent case of *Beckles v. United States*, 137 S. Ct. 886 (2017) ("*Beckles*"). *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), was void for vagueness under the due process clause. *Welch* made the rule in *Johnson* retroactive to cases on collateral review. Finally, *Beckles* held that the residual clause of Section 4B1.2 of the advisory Guidelines was not void for vagueness, because the advisory Guidelines are not subject to vagueness challenges. Separately, Mr. Tobias argues that his conviction for use of a firearm during a crime of violence should be vacated, because Hobbs Act Robbery is not a crime of violence under Section 924(c).

For the reasons explained below, Mr. Tobias's Section 2255 petition is DENIED. The residual clause of Section 4B1.2 of the mandatory, pre-*Booker* Guidelines is not void for vagueness as applied to Mr. Tobias, because the authoritative commentary to the 1998 Guidelines expressly designated robbery as a crime of violence. And Hobbs Act Robbery qualifies as a crime of violence under Section 924(c) and Second Circuit precedent.

**I.     BACKGROUND**

  **A.  Conviction, Sentencing, and Direct Appeal**

On November 11, 1997, Mr. Tobias robbed an attendant at the registration desk of the Fairfield Inn in Windsor Locks, Connecticut, stealing $269 at gunpoint. (Pre-Sentence Report ("PSR"), ECF No. 28 ¶¶ 7-10.) The police arrested him the same day. (*Id.* ¶ 11.) On June 11, 1999, a federal jury found Mr. Tobias guilty of Hobbs Act Robbery under 18 U.S.C. § 1951(a),

conspiracy to commit Hobbs Act Robbery under 18 U.S.C. § 1951, and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) ("Section 924(c)"). (ECF No. 1-1.)

In advance of sentencing, the U.S. Probation Office prepared a Pre-Sentence Report ("PSR"). The PSR described Mr. Tobias's prior Connecticut state convictions, including convictions for first and second degree robbery. (PSR ¶¶ 33, 37.) Based on these convictions, and relying on the 1998 edition of the Guidelines Manual,[1] the Probation Office determined that the "career-offender enhancement" applied under Section 4B1.1. (*Id.* ¶¶ 20, 27.) The Probation Office explained:

> Under Section 4B1.1, the defendant qualifies as a Career Offender, being that he was at least 18 years old at the time of the instant offense; the instant offense, Bank Robbery [sic], is a felony that is a crime of violence; and the defendant has at least two felony convictions. On November 29, 1988, the defendant was convicted of Robbery II, and on June 23, 1993, he was convicted of Robbery I.

(*Id.* ¶ 27.)[2]

Under Section 4B1.1, to qualify as a career offender, the defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." The 1998 Guidelines defined a "crime of violence" as follows:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

---

[1] The 1998 Guidelines Manual was the version of the Guidelines in effect at the time of Mr. Tobias's sentencing, on July 26, 2000. The 1998 Manual became effective on November 1, 1998, and the 2000 Guidelines Manual became effective on November 1, 2000. There was no 1999 Guidelines Manual.

[2] Though this quote from the PSR incorrectly identifies Mr. Tobias's offense as "Bank Robbery," it correctly refers elsewhere to Hobbs Act Robbery. Also, the parties agree that "Robbery I" and "Robbery II" refer to first degree and second degree robbery under Connecticut law.

3

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Section 4B1.2. Clause 1 ("has as an element…") is known as either the "force clause" or the "elements clause." The beginning of clause 2 ("is burglary… explosives") is known as the "enumerated clause." The end of clause 2 ("or otherwise involves…") is known as the "residual clause." The commentary to Section 4B1.2 (note 1) in the 1998 Guidelines Manual further explained that "'Crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, *robbery*, arson, extortion, extortionate extension of credit, and burglary of a dwelling." (emphasis added).

Based on the career offender enhancement, the Probation Office calculated a total offense level of 32. (PSR ¶¶ 27-29.) (Without the enhancement, the Probation Office calculated an offense of 22. (*Id*. ¶ 26.)) Given an offense level of 32 and a criminal history category of VI, the Probation Office determined a Guidelines range of 210-262 months of imprisonment on the Hobbs Act robbery and conspiracy convictions, plus a consecutive 60 months on the Section 924(c) count. (*Id.* ¶ 82.) Mr. Tobias's resulting "effective" Guidelines range was 270-322 months. (*Id*.)

On July 26, 2000, Judge Squatrito sentenced Mr. Tobias to a total of 270 months of imprisonment, 3 years of supervised release, and a $300 special assessment. (ECF No 1-1.) Judgment was entered on August 7, 2000. (*Id.*) Mr. Tobias appealed, but the Court of Appeals affirmed, *United States v. Tobias*, 33 F. App'x 547 (2d Cir. 2002), and the U.S. Supreme Court denied his petition for a writ of certiorari. *Tobias v. United States*, 538 U.S. 933 (2003).

B.  **Previous Petitions**

On January 23, 2006, Mr. Tobias filed a *pro se* "application for writ of audita querela," arguing that he was entitled to resentencing under *Booker*. (Case 3:06-cv-123, ECF No. 1.) Judge Squatrito denied the writ on February 7, 2006, stating that the petition "patently lack[ed] merit."

4

(*Id.*, ECF No. 2.) On January 7, 2013, Mr. Tobias filed a *pro se* "Letter-Motion, Actual Innocence Claim." (*Id.*, ECF No. 8.) Judge Squatrito construed this filing as a motion for relief under Section 2255, and denied it on July 15, 2013, because Mr. Tobias had "not alleged any specific constitutional error" and had "not identified any 'new reliable evidence'" that would support an innocence claim. (*Id.*, ECF No. 9.)

### C. The Instant Petition

On June 26, 2015, the Supreme Court in *Johnson* held that the residual clause of the ACCA was void for vagueness, in violation of the Due Process Clause of the Fifth Amendment. On April 18, 2016, the Supreme Court in *Welch* held that *Johnson* had announced a new substantive rule that applied retroactively on collateral review. Relying on those cases, on May 24, 2016, Mr. Tobias filed a motion for leave to file a successive Section 2255 motion with the Court of Appeals, and on June 26, 2016, filed the Section 2255 motion in this case. (ECF Nos. 1, 3.) Mr. Tobias argued that his sentence for Hobbs Act robbery and conspiracy should be vacated in light of *Johnson*, because the residual clause of Section 4B1.2 was identical to the residual clause of the ACCA, and that his conviction under Section 924(c) should also be vacated. (ECF No. 1.)

On September 12, 2016, the Court of Appeals granted Mr. Tobias leave to file a successive petition, writing:

> [Petitioner] argues, inter alia, that *Johnson v. United States*, 135 S. Ct. 2551 (2015), has invalidated a certain provision of the United States Sentencing Guidelines, entitling him to a sentence reduction. Upon due consideration, it is hereby ORDERED that the motion is GRANTED. *See Blow v. United* States, --F.3d--, 2016 WL 3769712. For present purposes, we have not examined Petitioner's other proposed claims.

(ECF No. 8.) The Court of Appeals directed me to stay the proceeding, pending a decision by the Supreme Court in *Beckles*, "in which the Supreme Court will likely decide whether *Johnson* applies retroactively to United States Sentencing Guidelines § 4B1.2(a)(2)." (*Id.*)

5

The Supreme Court decided *Beckles* on March 6, 2017, holding that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Beckles*, 137 S. Ct. at 890. Both Justice Ginsburg and Justice Sotomayor concurred in the judgment, explaining that they would have decided the case on the ground that the residual clause was not void for vagueness as applied to the petitioner, because "the official commentary to the career-offender Sentencing Guideline expressly designated his offense of conviction—possessing a sawed-off shotgun as a felon—a 'crime of violence.'" *Id.* at 897-98 (Ginsburg, J, concurring); *see also id.* (Sotomayor, J., concurring) ("*Johnson* affords Beckles no relief, because the commentary under which he was sentenced was not unconstitutionally vague.") Justice Sotomayor also noted that the Court had "at least [left] open the question whether defendants sentenced to terms of imprisonment before our decision in *United States v. Booker*… may mount vagueness attacks on their sentences." *Id.* at 903, n.4 (Sotomayor, J, concurring).

I lifted the stay in this case on May 2, 2017. The parties submitted briefing on the Section 2255 petition (ECF Nos. 15, 16, 20), and presented oral argument on August 14, 2017.

## II. DISCUSSION

### A. Whether Mr. Tobias was Sentenced Under the Residual Clause

As a preliminary matter, the government does not appear to dispute that Mr. Tobias's career offender enhancement was based on a finding that his prior robbery convictions qualified as crimes of violence under the residual clause of Section 4B1.2. Based on the available record, I agree. It is more likely than not that Mr. Tobias was sentenced under the residual clause. The PSR, citing the two robbery convictions, stated only that "the defendant has at least two felony convictions." (PSR ¶ 27.) "[T]he absence of any discussion… concerning under which of the… subsections [petitioner's] assault convictions qualified, [is] strong circumstantial evidence that the court used

6

the most obvious path… the broad-sweeping Residual Clause." *Villanueva v. United States*, 191 F. Supp. 3d 178, 184 (D. Conn. 2016).[3]

**B. Whether the Residual Clause of the Pre-*Booker* Guidelines was Void for Vagueness**

The central question in this case is whether, applying the reasoning of *Johnson*, the residual clause of the career offender provision of the mandatory, pre-*Booker* Guidelines was void for vagueness. I conclude that, as applied to Mr. Tobias, it was not.[4]

At the time of Mr. Tobias's sentencing, the residual clause of the career offender provision of the mandatory Guidelines was identical to the residual clause of the ACCA, which *Johnson* would later find unconstitutionally vague. The ACCA defined "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

---

[3] I note that, in *Beckles*, the government argued that the specification of particular offenses in the commentary to Section 4B1.2—including, as pertinent to this case, robbery—was an elaboration of the definition of "crime of violence" as a whole, rather than an elaboration of just the residual clause. More specifically, the government argued that the listed offenses in note 1 were a distinct enlargement of the definition of "crime of violence," independent of the force clause, the enumerated clause, or the residual clause. Brief for the United States at 50-51, *Beckles*, 137 S. Ct. 886 (No. 15-8544), 2016 WL 5116851. Because the definition in Section 4B1.2 gives every indication of being comprehensive rather than illustrative, however, I disagree, and find that note 1, including its specification of "robbery," further defines the residual clause. *See United States v. Johnson*, 220 F. Supp. 3d 264, 273 (E.D.N.Y. 2016) ("The primary function of the note seems clearly to have been to explain that portion of the Guideline in most need of explanation—the residual clause.") The mention of "robbery" in commentary elaborating on the residual clause makes it even more likely that the residual clause was the basis for the career offender enhancement in this case.

[4] Because I reject Mr. Tobias's claim under *Johnson* on the merits, I do not reach the various procedural arguments also raised by the government. I also do not reach the broader question of whether the mandatory, pre-*Booker* Guidelines are subject to constitutional vagueness challenges in general.

7

18 U.S.C. § 924(e)(2)(B) (residual clause in italics). The career offender provision of the Guidelines defined "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

Section 4B1.2 (1998) (residual clause in italics).

However, the career offender provision of the 1998 Guidelines differed from the ACCA in an important respect. The commentary to Section 4B1.2, note 1, explained that, "'[c]rime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, *robbery*, arson, extortion, extortionate extension of credit, and burglary of a dwelling." (emphasis added).[5] At the time of Mr. Tobias's sentencing, the Guidelines' commentary, like the Guidelines themselves, had binding effect. In 1993, the Supreme Court held that "[c]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 37–38 (1993).[6]

---

[5] In the 2016 Guidelines, Section 4B1.2 no longer includes the residual clause or the commentary language at issue in this case. Instead, the enumerated clause of Section 4B1.2 has been expanded to read "is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, *robbery*, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." (emphasis added).

[6] And even post-*Booker*, courts "must give the [Sentencing] Commission's interpretation of its own Guideline 'controlling weight unless it is plainly erroneous or inconsistent with the regulation' or violates the Constitution or a federal statute." *United States v. Lacey*, 699 F.3d 710, 716 (2d Cir. 2012) (quoting *Stinson*, 508 U.S. at 45).

8

In light of the 1998 commentary's clear statement that robbery was a "crime of violence," Section 4B1.2 was not unconstitutionally vague as applied to Mr. Tobias. Under the Due Process Clause of the Fifth Amendment, the government cannot "tak[e] away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson*, 135 S. Ct. at 2556. "These principles apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." *Id.* at 2557. Here, with robbery specifically listed as a crime of violence in the binding commentary, it cannot be said that Mr. Tobias lacked "fair notice" that he could be subject to the career offender provision based on his two robbery convictions,[7] or that the provision invited "arbitrary enforcement" with respect to him. Though the text of Section 4B1.2's residual clause is ambiguous on its own, the commentary's explicit listing of robbery lifts Mr. Tobias's case out of the "unpredictability" and "hopeless indeterminacy" that doomed the residual clause of the ACCA. *Id.* at 2558. And courts must "consider whether a statute is vague as applied to the *particular facts at issue*, for a plaintiff who engages in some conduct that is clearly proscribed cannot complain of

---

[7] At oral argument, Mr. Tobias argued that, because his prior offenses were state rather than federal robbery convictions, I must consider whether Connecticut's robbery statutes meet the generic definition of robbery. I agree that such an inquiry would be necessary if I were sentencing Mr. Tobias today. *See United States v. Walker*, 595 F.3d 441, 445–46 (2d Cir. 2010). However, that does not make the robbery listing in the commentary unconstitutionally vague, just as the listing of "burglary, arson, or extortion" in Section 4B1.2 of the 1998 Guidelines does not make the enumerated clause unconstitutionally vague. And because Mr. Tobias's successive petition must be dismissed unless he "shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C § 2244(b)(2)(A), he could not prevail at this point based only on an error by the sentencing judge in construing a term in the Guidelines or its commentary. That is, because his vagueness challenge based on *Johnson* fails, I could not grant Mr. Tobias's successive habeas petition even if Connecticut's robbery statute did not fall within the generic definition of robbery.

the vagueness of the law as applied to the conduct of others." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18–19 (2010) (citation, quotation marks, and alteration omitted, emphasis added).

This conclusion follows the logic of both Justice Ginsburg and Justice Sotomayor in their concurrences in *Beckles*.[8] The petitioner in *Beckles* had a prior conviction for possessing a sawed-off shotgun as a felon, an offense that, like robbery, was listed as a crime of violence in the commentary to Section 4B1.2. Justice Ginsburg reasoned:

> When Travis Beckles was convicted in 2007 of violating 18 U.S.C. § 922(g)(1), the official commentary to the career-offender Sentencing Guideline expressly designated his offense of conviction—possessing a sawed-off shotgun as a felon—a "crime of violence." Harmonious with federal law and the text of § 4B1.2(a), that commentary was authoritative. Beckles therefore cannot, and indeed does not, claim that § 4B1.2(a) was vague as applied to him. And because his conduct was clearly proscribed, he also cannot complain of the vagueness of the guideline as applied to the conduct of others.

*Beckles*, 137 S. Ct. at 897-98 (Ginsburg, J., concurring) (citations, quotation marks, and alteration omitted). Justice Sotomayor agreed:

> Petitioner Travis Beckles was sentenced to 30 years in prison on the basis of commentary promulgated by the U.S. Sentencing Commission interpreting a sentencing provision identical to the "residual clause" we held unconstitutionally vague two years ago in *Johnson v. United States*, 135 S.Ct. 2551 (2015). But *Johnson* affords Beckles no relief, because the commentary under which he was sentenced was not unconstitutionally vague.

*Id.* at 898 (Sotomayor, J., concurring). Just as the petitioner in *Beckles*, Mr. Tobias was sentenced under commentary interpreting the residual clause of Section 4B1.2, which "expressly designated"

---

[8] Although, as Mr. Tobias has pointed out, I am not bound by these concurrences, I find them highly persuasive. I also note that Justice Ginsburg's concurrence has been favorably cited by the Second Circuit in a case involving whether a prior conviction of possession of a sawed-off shotgun was a "crime of violence." *United States v. Diaz*, 854 F.3d 197, 202, n.7 (2d Cir. 2017) (citing Justice Ginsburg's "view that, in any event, the residual clause of section 4B1.2 is not unconstitutionally vague as applied to a prior conviction for possession of a sawed-off shotgun because that offense is explicitly enumerated in the commentary of section 4B1.2.").

10

robbery as a crime of violence. Therefore, Section 4B1.2 was not unconstitutionally vague as applied to him.[9]

Prior to the *Beckles* decision, some courts approached this issue differently, finding that the residual clause, standing alone, was unconstitutionally vague, and once it was removed, the list of offenses in the commentary had to be disregarded as inconsistent with the text of Section 4B1.2. *See, e.g. United States v. Johnson*, 220 F. Supp. 3d 264, 273 (E.D.N.Y. 2016) ("Without the residual clause, Application Note 1, including robbery and other enumerated offenses as crimes of violence, can no longer be said to be interpreting or explaining the text of § 4B1.2(a)."); *United States v. Soto–Rivera*, 811 F.3d 53, 59-60 (1st Cir. 2016) ("There is simply no mechanism or textual hook in the Guideline that allows us to import offenses not specifically listed therein into § 4B1.2(a)'s definition of 'crime of violence.' With no such path available to us, doing so would be inconsistent with the text of the Guideline.").[10]

But I agree with Justice Ginsburg that "excising the problematic provision first and considering illustrative language second flips the normal order of operations in adjudicating vagueness challenges." *Beckles*, 137 S. Ct. at 897, n.* (Ginsburg, J., concurring) (citation, quotation marks, and alteration omitted). As she noted, the Supreme Court "has routinely rejected, in a variety of contexts, vagueness claims where a clarifying construction rendered an otherwise

---

[9] At oral argument, Mr. Tobias argued that the reasoning of Justices Ginsburg and Sotomayor in *Beckles* would not be applicable to a pre-*Booker* sentence like his. If anything, however, their reasoning is even more apt for sentences imposed pre-*Booker*, when the commentary, like the text of Guidelines themselves, was "a *binding* interpretation of the phrase 'crime of violence.'" *Stinson*, 508 U.S. at 47 (emphasis added).

[10] I did identify one case after the *Beckles* decision, *United States v. Walker,* 2017 WL 3034445 (N.D. Ohio 2017), where a district court held that that the residual clause of Section 4B1.2 of the pre-*Booker* Guidelines was void for vagueness for a petitioner with a prior robbery conviction—but that decision did not mention the commentary at all or address the arguments raised by Justices Ginsburg and Sotomayor in their concurrences.

enigmatic provision clear as applied to the challenger." *Id.* (citing cases). *See also United States v. Savage*, 231 F. Supp. 3d 542, 549 (C.D. Cal. 2017) ("[B]ecause *Johnson* left intact the Career Offender Application Notes, there is no escaping the language of the application notes or its binding application.'') (citation, quotation marks, and alterations omitted); *United States v. Pugh*, 158 F.3d 1308, 1312 (D.C. Cir. 1998) ("where… we find the guideline language ambiguous, we are bound by *Stinson* to follow the commentary.") Further, post-*Johnson* and pre-*Beckles*, the government often conceded that the residual clause of the advisory Guidelines was void for vagueness, which is not the case here. In *Soto-Rivera*, for example, the First Circuit noted that "[b]ased on the government's concession that *Johnson*'s reasoning applies just as well to the Guidelines as to the ACCA—the correctness of which we do not consider—we find that Soto–Rivera's Career Offender status may not be predicated upon the Guidelines's residual clause," and then proceeded to consider whether the commentary was inconsistent with Section 4B1.2 once the residual clause had been stricken. 811 F.3d at 59. As noted, however, Justice Ginsburg's footnote suggests that, at least without such a concession, a holistic analysis of the Guideline and commentary is necessary, and here, that analysis shows that the career offender Guideline is not unconstitutionally vague as to Mr. Tobias.

**C. Whether the Section 924(c) Conviction Should be Vacated**

Mr. Tobias also contends that his Section 924(c) conviction for use of a firearm during a crime of violence must be vacated. Mr. Tobias argues that Hobbs Act robbery does not categorically qualify as a crime of violence under Section 924(c)'s own "force" clause, and that Section 924(c)'s "risk of force" clause is void for vagueness under the logic applied in *Johnson.*

However, the Second Circuit squarely rejected this argument in *United States v. Hill*, 832 F.3d 135 (2d Cir. 2016).[11] As for the force clause, the Second Circuit concluded that "Hobbs Act robbery has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 144 (citation and quotation marks omitted). As for the risk of force clause, the Second Circuit rejected arguments that "the risk-of-force clause is unconstitutionally vague." *Id.* at 150. It is therefore clear that Hobbs Act robbery qualifies as a crime of violence under *both* Section 924(c)'s "force" clause and its "risk of force" clause. The Section 924(c) conviction must stand.

### III. CONCLUSION

For the reasons explained above, Mr. Tobias's Section 2255 petition (ECF No. 1) is DENIED. The Motions for Order re: Treatment (ECF Nos. 5, 6) are DENIED as moot, as the issue was already addressed in case 3:98-cr-86, ECF No. 176. The case is dismissed. The Clerk is directed to close the case.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
August 18, 2017

---

[11] Though Mr. Tobias argues that *Hill* is not final because there is a pending petition for rehearing, and the Supreme Court may weigh in on a related case, it is nevertheless binding precedent on this court.